## Springfield Consolidated Railway Company v. Isabella Stratton.

VERDICT—*when not disturbed as against the evidence.* A verdict based upon conflicting evidence will not be set aside on review, in the absence of errors of law, unless the same is clearly and palpably against the weight of the evidence.

Action in case for personal injuries. Appeal from the Circuit

Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

WILSON, WARREN & CHILD, for appellant.

T. J. CONDON and ALBERT SALZENSTEIN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appellant for $1,250, as damages for a personal injury alleged to have resulted from the negligence of appellant in operating its street car.

The only grounds urged for a reversal of the judgment are, that the verdict of the jury is against the manifest weight of the evidence, and that the damages are excessive.

On August 25, 1900, at about 10 o'clock P. M., appellee was a passenger on one of appellant's street cars operated by electricity, on North Grand avenue, in the city of Springfield. The car was an open one, equipped with a foot board which extended along its entire length on each side, so that passengers could pass directly from their seats to the foot board in alighting from the car. It is not controverted that appellee notified the conductor of the car that she desired to get off at Eighth street, which was some distance west of the point where she had boarded the car, and that the car stopped on the west side of said street for the purpose of receiving and discharging passengers.

The only controversy in the case relates to whether, as claimed by appellant, appellee alighted from the car while it was still in motion, or whether, as claimed by appellee, the car had come to a full stop when she attempted to alight, and that while she was in the act of alighting from the north side of the car it suddenly jerked or moved forward causing her to be violently thrown on the brick pavement. Appellee testified that she had several bundles which she was carrying home;

284    APPELLATE COURTS OF ILLINOIS.

VOL. 134.]    Springfield Cons. Ry. Co. v. Stratton.

that when the car stopped, she gathered up her bundles and arose from her seat for the purpose of alighting from the car; that immediately after she stepped upon the foot board and as she was about to step upon the pavement, the car suddenly jerked or moved forward, throwing her down. Appellee's version of the manner in which the accident occurred is very clearly corroborated by the testimony of Mrs. Simmons and her son, aged seventeen years, who say they were standing on the northwest corner of the crossing about twelve or fourteen feet from the car, waiting for appellee to alight from the car and walk home with them. The conductor of the car and Edward Shutt, a passenger, testified that appellee attempted to alight and fell while the car was in motion; that the car did not suddenly jerk or move forward, but that it came to a stop slowly and regularly and moved three or four feet after appellee had fallen. The motorman testified that he did not see appellee when she attempted to alight from the car; that the car came to a full stop and after waiting some time for the signal to start he looked around and saw appellee standing in the street; that the car did not come to a stop and then start up and run a few feet and stop again.

In this state of the proof it is manifestly impossible for us to say that the verdict of the jury finding appellant guilty of the negligence alleged in the declaration is against the clear preponderance of the evidence. Counsel for appellant strenuously insist that it is physically impossible that appellee could have been thrown from the car so as to strike the pavement in a sitting position and have the back of her head strike the pavement, if, as she testifies, she was facing west when the car jerked forward suddenly. We see nothing physically impossible in the situation, and cannot assume to say that all persons in falling or being thrown from a street car, under like circumstances, must necessarily strike the ground in precisely the same manner. As a matter of fact, it is very doubtful whether any

two persons, under such circumstances, would undergo the self-same experience.

The evidence on behalf of appellee, and it is not substantially contradicted, tends to show that prior to the accident appellee was a strong, healthy woman, the mother of ten children, and had never had any serious illness or ailment; that in consequence of the injury she was confined to her bed for nine weeks; that she has since continued to suffer severe pain in her head and in the back of her neck; that she is unable to walk normally and that her condition in that regard is permanent; that she is subject to attacks of fainting; that she is unable to perform her usual and necessary household duties; that as a consequence of her injury she has prolapsus of the womb.

An effort is made on behalf of appellant to show that prolapsus of the womb seldom, if ever, results from a fall, but conceding this to be so, and that appellee, as is insisted, was at the time of the accident in a condition, produced by frequent child-bearing, favorable to the development of that trouble, if the fall, in fact, consummated that condition, it may not improperly be regarded as the proximate cause. We are of opinion that the damages awarded by the jury are not excessive.

The record is free from error and the judgment will be affirmed.

*Affirmed.*